IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID O. CRANE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-20-21-RAW-SPS |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,[1] | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant David O. Crane requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security

---

[1] On July 9, 2021, Kilolo Kijakazi became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was thirty-seven years old at the time of the administrative hearing (Tr. 35). He earned his GED and has worked as a convenience store clerk, hand packager, housekeeping cleaner, and dishwasher (Tr. 47-48, 229). The claimant alleges that he has been unable to work since February 28, 2014, due to rheumatoid arthritis, depression, and migraines (Tr. 228).

## Procedural History

On February 8, 2017, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ J. Dell Gordon held an administrative hearing and determined that the claimant was not disabled in a written opinion dated December 4, 2018 (Tr. 14-23). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) & 416.967(b), except that he could lift/carry/push/pull no more than twenty pounds occasionally and sit or stand/walk for increments never to exceed six hours in an eight-hour workday. Additionally, he found that the claimant could perform simple and some complex tasks and relate to others on a superficial work basis (Tr. 18). The ALJ thus concluded that the claimant could return to his past relevant work as a housekeeping cleaner. Alternatively, the ALJ concluded that there was other work he could perform, *i. e.*, clothing sorter, small products assembler, and electronics bench worker (Tr. 21-22).

## Review

The claimant contends that the ALJ erred by failing to account for all his impairments in formulating the RFC, specifically with regard to fibromyalgia and a shoulder impairment. As part of this argument, the claimant contends that the ALJ substituted a step two analysis for the requisite analysis at step four. The undersigned Magistrate Judge agrees with the claimant's contention that the ALJ failed to properly assess his RFC and recommends that the decision of the Commissioner be reversed and the case remanded for further proceedings.

The ALJ found that the claimant had the severe impairments of rheumatoid arthritis, depression, and migraines (Tr. 16). Additionally, the ALJ stated that any other condition mentioned in the record was not considered severe and was "only a slight abnormality"

(Tr. 17). The relevant medical evidence as to this appeal and the claimant's physical impairments reveals that at certain points in the record, the claimant was positive for a number of fibromyalgia trigger points (Tr. 303, 498). Accordingly, a diagnosis of fibromyalgia was included at certain points in the record, although the claimant's joint pain, muscle weakness, and fatigue were more commonly attributed to rheumatoid arthritis, polyarthralgias, and similar maladies (Tr. 303, 321-332, 552).

As to his shoulder, the claimant received treatment at The Brooks Clinic for pain management through at least 2016. During his course of treatment there, he received a left knee steroid injection on June 9, 2015 and a right shoulder steroid injection on January 14, 2016, as well as trigger point injections on the right hand/arm and rhomboids/trapezius/scapula (Tr. 368, 413, 417, 400). Additionally, he underwent physical therapy for most of 2016 (Tr. 368). As part of his treatment, an MRI of the right shoulder was ordered, which revealed mild hypertrophy at the AC joint causing minimal impingement upon the underlying supraspinatus muscle/tendon (Tr. 370, 435-436). A cervical spine x-ray revealed spina bifida occulta at C1, mild degenerative disc disease throughout, and slight anterolisthesis of C2 on C3 (Tr. 433). A bilateral shoulder x-ray revealed mild to moderate osteoarthritis/degenerative joint disease bilaterally (Tr. 433). X-rays of the knees revealed bilateral mild to moderate osteoarthritis with medial greater than lateral joint space narrowing and the left more affected than the right (Tr. 433). Treatment notes from the Brooks Clinic generally reflect positive results for back pain, muscle pain, joint pain, joint stiffness, morning stiffness, and difficulty ambulating (Tr. 369-434).

The claimant was treated at the David P. Ellis Medical Center Pain Clinic as well, and his diagnoses included impingement syndrome of the right shoulder; pain in left and right shoulder, left and right hip, and left and right knee; cervicalgia; and chronic pain syndrome (Tr., *e. g.*, 486, 488, 576).

Two state reviewing physicians determined that the claimant had the RFC to perform light work, with no additional limitations other than the attendant lift/carry restrictions that are part of the general light RFC (Tr. 61-64,77-80).

In his written opinion, the ALJ summarized the claimant's hearing testimony, as well as some of the medical evidence in the record. As to the claimant's shoulders, the ALJ noted one November 2016 treatment note where the claimant had good range of motion but there was a popping within the shoulder joint, and mentioned generally that the claimant had undergone steroid injections (Tr. 19). Additionally, he stated that physical exam findings were not supportive of the claimant's allegations because he had a normal gait on exam several times and he had reported in August 2016 that his flares were lessening (Tr. 19). The ALJ did not discuss the claimant's extensive pain management treatment history or the effect of the claimant's arthritis or migraines, much less possible fibromyalgia/arthralgias or right shoulder impairment. The ALJ assigned great weight to the opinions of the state reviewing physicians, finding them "highly qualified experts," and ultimately determined that the claimant was not disabled (Tr. 20-23).

The claimant asserts that the ALJ erred in formulating his RFC, and the undersigned Magistrate Judge agrees. The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e. g.*,

-6-

laboratory findings) and nonmedical evidence (*e. g.*, daily activities, observations)." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination." *Jagodzinski v. Colvin*, 2013 WL 4849101, at *2 (D. Kan. Sept. 11, 2013) (*citing Brown v. Commissioner of the Social Security Administration*, 245 F. Supp. 2d 1175, 1187 (D. Kan. 2003)). Here, the ALJ has connected no evidence in the record to instruct this Court as to how the stated RFC accounts for the claimant's severe and nonsevere impairments, including the documented shoulder impingement impairment. This is error because the ALJ is required to consider all of a claimant's impairments – both severe and nonsevere – singly and in combination, when formulating a claimant's RFC. *See, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.") (*quoting Langley v. Barnhart,* 373 F.3d 1116, 1123-24 (10th Cir. 2004) (*quoting* 20 C.F.R. § 404.1523)). *See also Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe'

and those 'not severe.'") [emphasis in original] [citations omitted]. Because the ALJ failed to account for the claimant's documented shoulder impairments and potentially ignored evidence related to fibromyalgia in addition to rheumatoid arthritis, the RFC does not wholly account for his impairments. Additionally, this reflects a failure to assess the combined effect of all the claimant's impairments – both severe and nonsevere – for his RFC despite the fact that "the ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (*quoting* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7).

Furthermore, the undersigned Magistrate Judge notes that the ALJ has actually connected no evidence in the record to instruct this Court as to how the assigned RFC accounts for each of the claimant's severe impairments, *i. e.*, rheumatoid arthritis, depression, and migraines. *See Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five."); *Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work."). This was a significant omission here because these impairments can have limitations that directly impact the claimant's ability to perform work. Instead, the ALJ should have explained why the claimant's severe impairments did not call for corresponding limitations in the RFC. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir.

1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as the significantly probative evidence that he rejects.") (*citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir 1984)). The ALJ appeared to focus solely on records with positive findings regarding the claimant's physical impairments in a deliberate attempt to pick and choose among the evidence in order find the claimant not disabled. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.") (*citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted]). This was error. Instead, the ALJ should have explained why the claimant's severe physical impairments, supported by repeated treating physician opinion findings, did not call for corresponding limitations in the RFC.

Because the ALJ failed to properly assess the claimant's RFC, the Commissioner's decision should be reversed and the case remanded to the ALJ for further analysis of *all* the evidence related to the claimant's impairments. If such analysis on remand results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported

by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 31st day of August, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**